JS-6

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

RICKY VILLALOBOS,

        Plaintiff,

      v.

ALLSTATE INSURANCE CO.;
CUSTOMER SERVICE REP EBONY
    DOE; and
DOES 2 through 10, inclusive,

       Defendants.

Case No. 5:21-cv-00764-JWH-KKx

**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND [ECF No. 16]**

Before the Court is the motion of Plaintiff Ricky Villalobos to remand this action to the San Bernardino Superior Court.[1]  The Court finds this matter appropriate for resolution without a hearing.  *See* Fed. R. Civ. P. 78; L.R. 7-15.  After considering the papers filed in support and in opposition,[2] the Court **GRANTS** the Motion, as set forth herein.

## I. BACKGROUND

On February 16, 2021, Villalobos commenced this action in the San Bernardino Superior Court.[3]  In his Complaint, Villalobos alleges that on September 27, 2020, he contacted the customer service department of Defendant Allstate Insurance Company and received extremely poor service from the customer service agent, Defendant Ebony DOE.[4]  Villalobos proceeds to allege that after terminating the customer service call, Ebony DOE sent Villalobos text messages threating him and his family.[5]  Based upon these and other related allegations, Villalobos asserts the following two claims for relief against Allstate and Ebony DOE:  (1) Intentional Infliction of Emotional Distress; and (2) Negligence.  Villalobos seeks to recover compensatory damages against Allstate and Ebony DOE in the amount of $25,000[6] and an "award of punitive damages as to Ebony DOE only."[7]

---

[1]      Pl.'s Mot. to Remand to State Ct. (the "Motion") [ECF No. 16].

[2]      The Court considered the following papers in connection with the Motion:  (1) the Motion; (2) Def. Allstate's Opp'n to the Motion (including its attachments) (the "Opposition") [ECF No. 17]; and (3) Pl.'s Reply in Supp. of the Motion (the "Reply") [ECF No. 18].

[3]      *See* Def. Allstate's Notice of Removal (the "Notice") [ECF No. 1] ¶ 1; Pl.'s Compl. (the "Complaint") [ECF No. 1-2].

[4]      Compl. ¶ 5.

[5]      *Id.* at ¶ 6.

[6]      *See id.* at ¶¶ 14 & 18; *see also id.* at Prayer for Damages.

[7]      *See id.* at ¶¶ 15 & 19; *see also id.* at Prayer for Damages.

Villalobos served Allstate with the Complaint and Summons on April 2, 2021.[8]  Allstate removed the action to this Court on April 29, 2021, asserting diversity jurisdiction pursuant to 28 U.S.C. § 1332.[9]

Villalobos filed the instant Motion on May 26, 2021, Allstate opposed on June 11, and Villalobos replied on June 16.

## II.  LEGAL STANDARD

"Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."  28 U.S.C. § 1441(a).  A district court has original jurisdiction over civil actions where the parties are completely diverse and the "matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs."  28 U.S.C. § 1332(a).

"[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014). Evidence establishing the amount in controversy is necessary only "when the plaintiff contests, or the court questions, the defendant's allegation." *See id.* "Where the complaint does not demand a dollar amount, the removing defendant bears the burden of proving by a preponderance of evidence that the amount in controversy exceeds" the jurisdictional amount.  *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1997).

---

[8]     Notice ¶ 2.
[9]     *Id.* at ¶ 7.

# III.  DISCUSSION

Allstate removed the action to this Court pursuant to 28 U.S.C. § 1441, asserting diversity jurisdiction under 28 U.S.C. § 1332.  Under 28 U.S.C. § 1332(a)(2), district courts "have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs" if the action is between "citizens of a State and citizens or subjects of a foreign state, except that the district courts shall not have original jurisdiction under this subsection of an action between citizens of a State and citizens or subjects of a foreign state who are lawfully admitted for permanent residence in the United States and are domiciled in the same State."

There is no dispute that there is complete diversity among the parties.[10] Villalobos states that he is a resident of San Bernardino County, California,[11] and that Allstate is incorporated in the State of Illinois where it maintains its principal place of business.[12]  Accordingly, there is complete diversity between Villalobos and Allstate.

The Motion concerns only the amount in controversy.  Specifically, Villalobos contends that the amount in controversy does not exceed the jurisdictional threshold because Villalobos seeks only $25,000 in damages on the face of his Complaint, which is why he filed this action as a limited civil case.[13] Allstate responds that, before this action was removed, Villalobos notified Allstate that he reserved the right to seek (or allege) $100,000 in punitive damages against Ebony DOE.[14]

---

[10]    *See* Notice ¶¶ 8–13.

[11]    Complaint ¶ 1.

[12]    Notice ¶ 10.

[13]    *See* Motion 4:9–5:11.

[14]    *See* Opposition 2:9–15 & 5:15–16:6; *see also* Complaint, Ex. 2 (the "Punitive Damages Notice") [ECF No. 1-2, at ECF p.8].

1    Under California law, a limited civil case is one in which the amount in

2    controversy does not exceed $25,000.  Cal. Civ. Proc. Code § 85(a).  "Amount

3    in controversy" under this statute means "the amount of the demand, or the

4    recovery sought, . . . that is in controversy in the action, exclusive of attorneys'

5    fees, interest, and costs."  Cal. Civ. Proc. Code § 85(a).  A civil case is

6    jurisdictionally classified as either limited or unlimited civil at its outset; once a

7    case is classified as limited or unlimited, that classification normally continues

8    throughout the litigation.  *Stratton v. Beck*, 9 Cal. App. 5th 483, 493 (2017).[15]  In

9    a limited civil case, California courts are not authorized to award any relief that

10   exceeds the $25,000 jurisdictional maximum.  *Id.* § 580(b)(1); *see also Ytuarte v.*

11   *Superior Ct.*, 129 Cal. App. 4th 266 (2005).

12   Here, the "amount in demand" in Villalobos' Complaint is $25,000.[16]

13   Although Villalobos indicates in his Complaint that he will seek punitive

14   damages against Ebony DOE, unless the case is reclassified, those damages are

15   necessarily limited to the jurisdictional maximum of $25,000.  *See Stratton*, 9

16   Cal. App. 5th at 493.  The Court is not persuaded by Allstate's argument that

17   the Punitive Damages Notice establishes that the amount in controversy in this

18   case exceeds the jurisdictional threshold of $75,000.  The Punitive Damages

19   Notice appears to be one filed pursuant to Cal. Civ. Proc. Code § 425.115.  Such

20   notices are designed to ensure that, before default is entered against a party, the

21   party receives notice that punitive damages in the specified amount might be

22   awarded.  *See* Cal. Civ. Proc. Code § 425.115(b) (stating that the plaintiff

23

---

24   [15]    "[A] case originally designated as a limited action may be reclassified as
25   an unlimited action if amendments to the initial pleading or causes of action
     asserted in a cross-complaint cause the amount in controversy to exceed
26   $25,000 or otherwise violate the necessary conditions for classification as a
     limited civil case.  Parties may reclassify a case by filing a motion to do so, as
27   may the court on its own motion."  *Stratton*, 9 Cal. App. 5th at 493 (citations
     omitted).

28   [16]    *See* Complaint ¶¶ 14 & 18; *see also id.* at Prayer for Damages.

preserves the right to seek punitive damages "on a default judgment"); *see also* 6 Witkin, Cal. Proc. 5th PWT § 159 (March 2020 Update).  Indeed, although Cal. Civ. Proc. Code § 580(a) contemplates that the relief granted on default may include the amount of punitive damages preserved by a notice under Cal. Civ. Proc. Code § 425.115, Cal. Civ. Proc. Code § 580(b) expressly states that the amount of relief available in a limited civil case is limited to the $25,000 jurisdictional maximum.

Accordingly, the Court finds that Allstate has failed to show that the amount in controversy meets or exceeds the $75,000 jurisdictional threshold.

### IV.  CONCLUSION

For the foregoing reasons, the Court **GRANTS** the Motion and **REMANDS** this action to the San Bernardino County Superior Court.

**IT IS SO ORDERED.**

Dated: July 19, 2021

John W. Holcomb
UNITED STATES DISTRICT JUDGE